**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4807**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY CRIPPIN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:13-cr-00020-IMK-MJA-1)

_____

Submitted:  June 29, 2017                                    Decided:  July 14, 2017

_____

Before AGEE, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

Deanna L. Pennington, Morgantown, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Crippin appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment and 48 months' supervised release. Crippin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Crippin's sentence is substantively unreasonable. Crippin was advised of his right to file a pro se supplemental brief, but he has not filed one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006).

Applying these standards, we find that Crippin's sentence is not substantively unreasonable, much less plainly so. Further, in accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. However, we remand for the district court to correct the written revocation judgment as follows: indicate that Crippin admitted guilt only to supervised release violations (1) through (5); specify that Crippin's violation

2

for "Failure to Participate in Drug Testing" refers only to violation number (4); and specify that his violation for "Failure to Abide by Rules of Dismas Charities Halfway House" refers only to violation number (5), and that this violation ended on October 28, 2016.[*]

This court requires that counsel inform Crippin, in writing, of the right to petition the Supreme Court of the United States for further review. If Crippin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crippin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

---

[*] We note that the probation office reported two additional violations, numbered (6) and (7), relating to Crippin's alleged possession of alprazolam pills. Upon review of the record, we conclude that the district court did not make a specific finding as to these two violations, but that this affected neither the revocation of Crippin's supervised release nor his sentence.

3